UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-60367

DAVID J. GUZMAN MILA,

    Plaintiff,

vs.

BIG STEVE'S DELI LLC and
STEPHEN VALENTI,

    Defendants.
_____/

# **COMPLAINT**

Plaintiff, David J. Guzman Mila, sues Defendants, Big Steve's Deli LLC and Stephen Valenti, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, David J. Guzman Mila**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit

5. **Defendant, Big Steve's Deli LLC**, is a for-profit Florida limited liability corporation that is *sui juris* and operated its restaurant business in in this District at all times material. Defendant, Big Steve's Deli LLC, operates under the fictitious name of Valenti's Italian Restaurant & Bar in Broward County, Lauderdale by the Sea, Florida.

1

6. **Defendant, Stephen Valenti,** is over 18 years old, a resident of Miami Beach, Florida, and is *sui juris*. Mr. Valenti was at all times material an officer/owner/director/member of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

9. Venue is proper in this Court pursuant because Defendants transact business in Broward County, they maintain their office and principal places of business and/or live in Broward County, and also because Defendants employed Plaintiff in Broward County, with most of the actions complained of occurring within this County.

10. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, David J. Guzman Mila, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, cheeses, beverages, beers, wines, and/or alcoholic beverages, and products that have moved through interstate commerce.

14. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, pizza ovens, ovens, refrigerators, and materials that also have moved through interstate commerce.

15. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18. Plaintiff worked for Defendants from December 2018 and ceased working on November 27 2019.

19. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his cooking, handling, and serving food and produce that traveled through interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

20. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that he worked by <u>failing to timely pay him</u> for the hours that he worked for Defendants from approximately November 16-22, 2019.

21. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked plus payment of all tips wrongfully or improperly held/distributed.

22. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked and their retention of tips during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, David J. Guzman Mila, demands the entry of a judgment in her favor and against Defendants, Big Steve's Deli LLC and Stephen Valenti, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.  Such other and further relief as the Court deems just and proper.

## **COUNT II – FLSA OVERTIME VIOLATION**

Plaintiff, David J. Guzman Mila, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

23. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

24. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, cheeses, beverages, beers, wines, and/or alcoholic beverages, and products that have moved through interstate commerce.

25. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, pizza ovens, ovens, refrigerators, and materials that also have moved through interstate commerce.

26. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside

of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

27. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

28. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

29. Plaintiff worked for Defendants from December 2018 and ceased working on November 27 2019.

30. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his cooking, handling, and serving food and produce that traveled through interstate commerce.

31. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

32. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours during the time he worked for them as a result of their tracking the hours he worked and then paying him at his regular rate of pay for all hours worked beyond 40 in a workweek (except for the days worked he was not paid).

33. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

34. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, David J. Guzman Mila, demands the entry of a judgment in his favor and against Defendants, Big Steve's Deli LLC and Stephen Valenti, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

### **COUNT III – BREACH OF CONTRACT**

Plaintiff, David J. Guzman Mila, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

35. Plaintiff and Defendants verbally agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at a rate of $15.00 for each hour of

work.

36. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

37. Defendants, however, failed and refused to perform its obligation to timely pay Plaintiff a rate of $15.00 per hour for the hours he worked between approximately November 16-22, 2019, thereby breaching the oral contract/agreement they had.

38. Plaintiff has been damaged as a result of Defendants' failure to pay him the agreed-upon amount for each hour he worked from approximately November 16-22, 2019 in a timely manner.

WHEREFORE Plaintiff, David J. Guzman Mila, demands the entry of a judgment in his favor and against Defendants, Big Steve's Deli LLC and Stephen Valenti, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **COUNT IV – UNJUST ENRICHMENT**

Plaintiff, David M. Guzman Mila, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

39. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

40. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants.

41. Defendants were unjustly enriched in that they failed and refused to make payment to Plaintiff for the benefits conferred upon them by Plaintiff between approximately

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

November 16-22, 2019.

WHEREFORE Plaintiff, David M. Guzman Mila, demands the entry of a judgment in his favor and against Defendants, Big Steve's Deli LLC and Stephen Valenti, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, David M. Guzman Mila, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of February 2020.

>
> Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> *Counsel for Plaintiff*