UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60367-CIV-DIMITROULEAS/SNOW

DAVID J. GUZMAN MILA,

      Plaintiff,

      vs.

BIG STEVE'S DELI, LLC and
STEPHEN VALENTI,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Motion for Final Judgment against Garnishee (ECF No. 40), which was referred to United States Magistrate Judge Lurana S. Snow for a Report and Recommendation. The Defendants did not respond to the Motion and it is ripe for consideration.

This was an action for violation of the Fair Labor Standards Act (FLSA). On February 19, 2020, a Complaint was filed pursuant to the FLSA, in which Plaintiff sued Defendants, Big Steve's Deli LLC and Stephen Valenti, for violations of the statute. (ECF No. 1) On May 18, 2020, a Final Default Judgment was entered in favor of the Plaintiff in the amount of $31,490.00. (ECF No. 22) The amount was calculated using unpaid/underpaid overtime wages in the amount of $15,300.00; unpaid/underpaid minimum and regular wages in the amount of $600.00; and liquidated damages in the amount of $15,590.00. Id.

On August 3, 2020, the Court adopted and approved the undersigned's Report and Recommendation (ECF No. 27), granting in part Plaintiff's Motion for Attorney's Fees (ECF No. 24), in the amount of $5,037.00 in attorney's fees and $490.00 in costs. On August 17, 2020, Plaintiff's issued a Motion for Writ of Execution for the total amount of $37,017.00. (ECF No. 29) On August 18, 2020, a Writ of Execution was issued as to Defendants Big Steves Deli LLC and Stephen Valenti. (ECF No. 31)

On August 18, 2020, Plaintiff's filed an *Ex Parte* Renewed Motion for Writ of Garnishment Against Garnishee Truist Bank. (ECF No. 33) Defendants have not made any attempt to satisfy the Final Default Judgment, and therefore Plaintiff has sought to satisfy his judgment through a Writ of Garnishment. On September 9, 2020, Truist Bank filed its Answer to the Writ of Garnishment and Demand for Payment of Attorney's Fees, acknowledging it held $11,496.21 in an account owned by Big Steve Deli LLC. (ECF No. 36) Pursuant to Florida Statute 77.28, GRAY ROBINSON, P.A., counsel for Garnishee, requests Plaintiff/Plaintiff's counsel to pay and remit a $100.00 attorney fee to Truist Bank. Id. On September 10, 2020, Plaintiff served upon Defendants a Notice of Garnishment and a copy of the Garnishee's Answer dated September 9, 2020. (ECF No. 37) The Defendants did not respond to the Notice or the Answer to the Writ of Garnishment. On October 1, 2020, Plaintiff filed this Motion for Final Judgment Against Garnishee which is ripe for review. (ECF No. 40)

## I. DISCUSSION

### A. Writ of Garnishment

Pursuant to Fla. Stat. § 77.081, a garnishee's failure to answer a Writ of Garnishment results in a default against that garnishee, and a final judgment "shall be entered" against the garnishee for the amount of the plaintiff's claim with interest and costs.  Section 77.06 of the Florida Statutes provides that, upon service of the writ, the garnishee is "liable for . . . any . . . personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. § 77.06(1). "The defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice."  Fla. Stat. § 77.07.

Plaintiff served his Garnishment Notice on the Judgment Debtors/Defendants on September 10, 2020. (ECF No. 40 at ¶¶ 6) Defendants, pursuant to the above referenced statute, had 20 days from September 10, 2020, exclusive of the day of service within which to dissolve the Writ of Garnishment. Id at ¶¶ 7. In sum, Defendants had until September 30, 2020, to contest the garnishment. Id at ¶¶ 8. Defendants did not contest the garnishment and failed to timely move to dissolve the Writ of Garnishment within the 20-day window. Id at ¶¶ 9. Therefore, the

3

undersigned recommends entering a final judgment against the Garnishee in the amount of $11,496.21, in partial satisfaction of the Final Default Judgment (ECF No. 22) and Order Awarding Attorneys' Fees. (ECF No. 27)

### B. Demand For Garnishee's Attorney's Fees

Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the "payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ." Fla. Stat. § 77.28. GrayRobinson P.A., a member of the Florida Bar and attorney for Garnishee, Truist Bank, prepared an Answer (ECF No. 36) to the Writ. The undersigned recommends, in accordance with Fla. Stat. § 77.28, that Plaintiff/Plaintiff's counsel pay and remit the $100.00 attorney fee directly to GRAYROBINSON, P.A.

### II. CONCLUSION

This Court having considered carefully the Motion, the court file, the applicable case law, and finding no response or objection thereto, it is hereby

RECOMMENDED that Plaintiff, David J. Guzman Mila's Motion for Judgment against Garnishee (ECF No. 40) be GRANTED as follows:

1. A Final Judgment should be entered against the Garnishee, Truist Bank, in the amount of $11,496.21 in partial satisfaction of the Final Default Judgment (ECF No. 22) and the Order Awarding Attorneys' Fees. (ECF No. 27).  Said check would be

made payable to "FairLaw Firm Trust Account" and mailed to FairLaw Firm, 7300 N. Kendall Drive, Suite 450, Miami, FL 33146.

2.   Pursuant to Section 77.28, Florida Statutes, as amended effective July 1, 2014, that Plaintiff/Plaintiff's Counsel should be ordered to pay and remit to Garnishee the $100.00 attorney fee directly to GRAYROBINSON, P.A.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636 (b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 26th day of October, 2020.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Brian Pollock, Esq.

Big Steve's Deli, LLC (Sent via U.S. Mail)
c/o Stephen Valenti, Registered Agent (see addresses on next page)

222 Commercial Boulevard
Fort Lauderdale, Florida 33308


Mr. Stephen Valenti (Sent via U.S. Mail)
222 Commercial Boulevard
Fort Lauderdale, Florida 33308
And
1576 N.W. 168th Ave.
Pembroke Pines, Florida 33028