UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID J. GUZMAN MILA,

    Plaintiff,

v.                                      Case No. 20-60367-CIV-DIMITROULEAS/SNOW

BIG STEVE'S DELI LLC, and
STEPHEN VALENTI,

    Defendants.
_____/

DEBORAH E. WILSON,

    Plaintiff,

v.                                      Case No. 20-60381-CIV-DIMITROULEAS/SNOW

BIG STEVE'S DELI LLC, and
STEPHEN VALENTI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion to Reopen Case; Motion to Set Aside Default Judgment; Motion to Have Bank Account Unfrozen and Motion for Extension of Time to Hire Attorney (20-60367, ECF Nos. 50, 55) (20-60381 ECF, No. 40, 43, 48), which were referred to Magistrate Judge Lurana S. Snow for a Report and Recommendation. The Motions are ripe for consideration.

## BACKGROUND

This was an action for a violation of the Fair Labor Standards Act (FLSA). On May 18, 2020, Plaintiff David Guzman Mila ("Plaintiff Guzman-Mila") obtained a

Final Default Judgment against Defendants in the total amount of $31,490. (20-60367, ECF No. 22)   On August 3, 2020, this Court entered an Order Adopting Report of Magistrate Judge that awarded an additional $5,037.00 in attorneys' fees and $490.00 in costs to Plaintiff Guzman-Mila. (20-60367, ECF No. 27) The Court also ordered that Defendant, Big Steve's Deli LLC and Defendant, Stephen Valenti, each complete and submit a Fact Information Sheet (Florida Form 1.977), including all required attachments, within 45 days from the date of the order. (20-60367, ECF No. 27) Defendants failed to comply with this Court's Order.  Plaintiff filed a Motion to Show Cause seeking that the Court issue an Order to Show Cause Why the Defendants Should not be held in Contempt which was granted in part and denied in part. (20-60367, ECF Nos. 38, 42)

On May 18, 2020, Plaintiff Deborah Wilson ("Plaintiff Wilson") obtained a Final Judgment against Defendants in the total amount of $2,477.66.   (20-60381, ECF No. 25) On August 3, 2020, this Court entered an Order Adopting Report of Magistrate Judge that awarded an additional $4,735.00 in attorneys' fees and $490.00 in costs to Plaintiff Wilson. (20-60381, ECF No. 30)  The Court also ordered that Defendant, Big Steve's Deli LLC and Defendant, Stephen Valenti each complete and submit a Fact Information Sheet (Florida Form 1.977), including all required attachments, within 45 days from the date of the order.  Id. at 2.  Defendants also failed to comply with this Order.  Plaintiff filed a Motion to Show Cause seeking that the Court issue an Order to Show Cause Why the Defendants Should not be held in Contempt which was granted in part and denied in part. (20-60381, ECF Nos. 34, 36)

On August 18, 2020, Plaintiff Guzman-Mila sought to satisfy his Final Judgment through a Writ of Garnishment. (20-60367, ECF No. 33)   Truist Bank

answered that the Corporate Defendant held $11,496.21 in the Truist Bank account. (20-60367, ECF No. 36). Subsequently, the Corporate Defendant's Truist Bank Account was frozen.

On November 2, 2020, Defendant filed a pleading titled "Answer" (20-60367, ECF No. 47) against Plaintiff Guzman-Mila and a pleading titled "Please Reopen this Case and Answer" (20-60381, ECF No. 40 at 1, 5) against Plaintiff Wilson requesting that the Court reopen each case. On November 6, 2020, the Court conducted an evidentiary hearing on the Court's Order to Show Cause in both cases. The Court heard argument from Plaintiffs' counsel and the Defendant, Stephen Valenti, who appeared pro se. Mr. Valenti sought to have the underlying cases reopened. He stated that he believed the Courts were closed due to the COVID-19 pandemic, that he was concerned about opening mail sent during this time period since he cares for his 84 year old mother and has health issues of his own. Defendant was advised that the Courts were not shut down. However, the Court noted that the timing of the default judgment was at or near the time of the local shut down period. Defendant represented to the Court that the underlying cases have no merit. Defendant stated Plaintiff Wilson was terminated because she was stealing from customers and the restaurant. Defendant also stated Plaintiff Guzman-Mila was terminated for being in an altered state at work and for contaminating customers' food.

As stated above, on November 2, 2020, Defendant filed an "Answer" (20-60367, ECF No. 47) seeking to reopen the case but was instructed by the Court, at the hearing conducted on November 6, 2020, that the District Court entered the Default Judgment. Accordingly, he was further instructed to re-file his "Answer" seeking to reopen the case as a Motion to Set Aside Default Judgment no later than November

13, 2020. He was also advised that the Corporation, should it seek the same relief, must appear through counsel.

On November 12, 2020, Defendants filed a one sentence document in each case titled "Answer" which the Court addresses as Motions to Set Aside Judgment and Motions to Reopen Case. (20-60367 ECF No. 50) (20-60381 ECF No. 43) Defendant cited no facts or law supporting the relief requested. Plaintiffs argued in their Responses that the Defendants failed to show a legitimate reason for their failure to respond to the Complaints. Further, Plaintiffs argued that any filing by the Individual Defendant on behalf of the Corporate Defendant should be ignored and therefore, the Motions should be denied summarily as to the Corporation.

On December 1, 2020, Defendants filed a Motion to Have Bank Account Unfrozen and a Motion for an Extension of Time to hire an attorney in both cases. (20-60367, ECF No. 55) (20- 60381, ECF No. 48) Defendant argues that since his sole bank account is frozen, he cannot comply with the Court's instruction that he must hire an attorney to represent the Corporation. The Defendant claims he does not have the adequate funds to afford an attorney without access to a portion of funds from the Corporation's frozen bank account. Plaintiffs argued in the Response to both Motions, in both cases, that the Defendants provided no legitimate basis for an extension of time or for the unfreezing of the bank account, and that this Court should strictly enforce its deadlines imposed on the Defendants, awarding the default judgments entered.

On December 9 and 11, 2020, this Court ordered that both the Individual Defendant and the Corporation file financial information to be reviewed in camera so that the Defendants' representations regarding their financial abilities could be

assessed by the Court. (20-60367, ECF No. 59) (20-60381, ECF No. 51) Defendants failed to file financial information for the in camera review by the deadline of December 28, 2020. On February 1, 2021, the Court entered an Order to Show Cause, providing the Defendants with one last opportunity to comply with this Court's prior Order to provide the financial information ordered above for an in camera review. The Court ordered Defendants to file a written response by February 12, 2021, to show cause why Defendants have failed to complete the required financial information for the Court's in camera review and why Defendants' Motions currently pending before the Court should not be denied without further notice.  (Motion to Reopen Case; Motion to Set Aside Default Judgment, Motion to Have Bank Account Unfrozen, 20-60367, ECF Nos. 50, 55; 20-60381, ECF Nos. 40, 43, 48). (20-60367, ECF No. 61; 20-60381, ECF No. 52)

On February 24, 2021, Defendant filed untimely responses to the Order to Show Cause titled "Opening Statement" that completely failed to address the issues raised by the Court. Defendants did not file any financial information for the Court's review, did not provide a reason for failing to do so and simply reiterated Defendants' position that the actions are frivolous. (20-60367, ECF No. 63; 20-60381, ECF No. 53) Further, the Corporate Defendant still did not appear through counsel despite repeated instructions to do so.

## DISCUSSION

A district court may, through its proper use of equitable powers, enter an asset freeze on a party's assets. Federal Trade Commission v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1434 (11th Cir. 1984) The court has discretion to forbid or limit attorneys' fees

out of frozen assets. Commodity Futures Trading Commission v. Noble Metals Int'l, Inc., 67 F.3d 766, 775 (9th Cir. 1995) (citing FSLIC v. Ferm, 909 F.2d 372, 375 (9th Cir. 1990) (approving limitation on attorney fees)). "The constitutionality of freezing assets and precluding entirely their use for payment of attorney fees" was "resolved by the Supreme Court in United States v. Monsanto, 109 S.Ct. 2657 (1989) and Caplan & Drysdale, Chartered v. United States, 109 S.Ct. 2646 (1989)." Federal Trade Commission v. World Wide Factors, Ltd., 882 F.2d 344, 347-348 (9th Cir. 1989). The Court thus has the equitable discretion to limit or deny payment of attorneys' fees from frozen funds.

While courts have granted and upheld the unfreezing of assets to pay for attorneys' fees, courts look to the facts of the case to determine whether to exercise its discretion. One factor courts examine in determining whether to permit or forbid payment of attorneys' fees or living expenses out of frozen funds is whether the frozen assets fall short of the amount needed to compensate plaintiffs for their losses. Id. In these cases, courts have considered whether the frozen assets are enough to redress the injuries caused to the injured party and, when the funds are insufficient, the court may deny the request to unfreeze assets. See Noble Metals Int'l, Inc., 67 F.3d at 775 (holding that the district court did not abuse its discretion by precluding defendants from using frozen assets to pay their attorney fees in a civil case because the "frozen assets fell far short of the amount needed to compensate [defendants'] customers.").

In determining whether to grant or deny a request to unfreeze funds, the Court uses its discretion by weighing factors specific to each case. See Federal Trade Commission v. IAB Marketing Assoc., LP, Case No. 12-61830-CIV-SCOLA, ECF No. 270 (S.D. Fla. 2013) (denying release of frozen funds to pay attorneys' fees). When

6

faced with similar facts regarding the defendants' non-compliance with Orders requiring financial information, the court in RCA Credit Services held that complete and proper disclosure and accounting as required by the Court is necessary to evaluate the defendants' assets and requests. Federal Trade Commission v. RCA Credit Services, LLC, No. 8:08-cv—2062-T-27MAP, 2008 WL 5428039, at *4 (M.D. Fla. December 31, 2008). "Modification of the asset freeze would be inappropriate absent such compliance." Id. This Court is faced with analogous facts.

Truist Bank has frozen the Corporate Defendant's sole bank account which holds $11,496.21, and this Court has recommended entering a final judgment against the Garnishee in the amount contained in the account, in partial satisfaction of the Final Default Judgment. (20-60367, ECF No. 44)  Plaintiff Guzman Mila is currently entitled to $31,490 plus attorneys' fees and costs. (20-60367, ECF Nos. 22, 27)  Plaintiff Wilson is currently entitled to $2,477.66 plus attorneys' fees and costs. (20-60381 ECF Nos. 25, 30)  As it stands, the funds from the frozen assets at Truist Bank total $11,496.21 and are insufficient to satisfy the judgments against the Defendants.

As stated above, this is a matter of equity and district courts have discretion in granting or denying motions to unfreeze assets. Defendants failed to comply with this Court's orders for an in camera review of both Defendants' financial information. Other than appearing for the hearing on November 6, 2020, Defendants have failed to properly defend these actions or comply with numerous Orders of this Court. Specifically, to date, Defendants have failed to provide the financial information that Defendants were twice ordered to produce to this Court for an in camera review or to produce the financial information required by the completion of Florida Form 1.977 that Defendants were ordered to  complete numerous times by the Court.

Additionally, the Defendants have also failed to respond to any motion in either case. This Court finds that the facts of the instant cases are more analogous to the instances where the requests to unfreeze the accounts have been denied to pay for a Defendant's attorneys' fees.

Defendant Valenti stated at the hearing on November 6, 2020, that he did have an attorney with whom he was acquainted look at the court documents.  Nonetheless, Defendants did not defend the actions or comply with this Court's Orders.  Further, the Court allowed Defendants ample opportunity to abide by the Court's Orders requiring financial information yet the Defendants failed to comply with those Orders as well.

Therefore, for the reasons stated above, this Court recommends finding that equity weighs in favor of denying Defendants' request to unfreeze the Truist Bank account, to reopen the instant cases or to set aside the default judgments.

CONCLUSION

This Court having considered the Motions, the Responses thereto, the court file, and reviewing the applicable case law, it is hereby

RECOMMENDED that Defendants', Stephen Valenti and Big Steve's Deli, LLC, Motion to Have Bank Account Unfrozen [for purposes of retaining counsel] and Motion for Extension of Time (20-60367, ECF No. 55) (20-60381, ECF No. 48) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants', Stephen Valenti and Big Steve's Deli, LLC, Motion to Reopen Case and Motion to Set Aside Judgment be

DENIED. (20-60367, ECF No. 50; 20-60381, ECF Nos. 40, 43)

DONE AND SUBMITTED in Fort Lauderdale, FL, Broward County this 9th day of April, 2021.

                                                       LURANA S. SNOW
                                                       UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
All counsel of record

Stephen Valenti, pro se
222 COMMERCIAL BLVD.
FT. LAUDERDALE, FL 33308

Big Steve's Deli, LLC
222 COMMERCIAL BLVD.
FT. LAUDERDALE, FL 33308